UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
LAZARD FRÈRES & CO. LLC,        :
                                :
              Plaintiff,        :
                                :
       v.                       :   DOCKET NO. _____
                                :
BENEFICIENT,                    :
                                :
              Defendant.        :
                                :
------------------------------ x

# COMPLAINT

Lazard Frères & Co. LLC ("Lazard" or "Plaintiff"), by its undersigned attorneys, for its Complaint in this action, alleges, upon knowledge as to itself and its own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is an action by Lazard, a financial services firm, to recover its overdue and undisputed fees from its former client Defendant Beneficient (formerly known as The Beneficient Company Group, L.P.).

2. Between June 2022 and June 2023, Beneficient took steps to explore a strategic transaction, which culminated in its acquisition on June 7, 2023, by Avalon Acquisition Inc. ("Avalon"), a publicly traded special purpose acquisition company. Lazard served as Beneficient's investment banker in connection with the transaction.

3. Lazard and Beneficient entered into an engagement letter on June 8, 2022 (the "Engagement Letter"), which described the scope of Lazard's work and contained a clear fee structure. After Lazard presented Beneficient with invoices under that Engagement Letter, however, Beneficient did not pay its fees to Lazard, citing alleged financial difficulties it was having.

4. After numerous inquiries and informal attempts to resolve Beneficient's failure to pay what Beneficient owed Lazard under the Engagement Letter, Lazard agreed, as an accommodation to Beneficient, to a "Payment Terms Agreement," dated February 27, 2024. ███
███
███

5. ███
███, Beneficient simply stopped paying what it owed Lazard in June 2024 and thereafter—without explanation or justification. Beneficient is, therefore, in breach of both the Engagement Letter and Payment Terms Agreement.

6. When Lazard followed up with Beneficient about the missed payments, Beneficient once again claimed that it was facing financial difficulties. Despite several attempts by Lazard to resolve the issue, however, Beneficient has simply refused to pay the amounts that are now long overdue, leaving Lazard no choice but to commence this action.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8. This Court has personal jurisdiction over Defendant pursuant to New York General Obligations Law § 5-1402 because the action arises out of an agreement for which a choice of New York law has been made, and which (i) relates to obligations arising out of a transaction, covering in the aggregate not less than one million dollars, and (ii) contains a provision whereby such parties agreed to submit to the jurisdiction of the courts of this state.

9. █████████████████████████████████████

█████████████████████████████████████

███████████████████████

10. The Engagement Letter also provides that ███████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████████████

11. Venue is proper in this District pursuant to (i) 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District, and (ii) ███████████████████████

## THE PARTIES

12. Plaintiff Lazard is a Delaware limited liability company with its principal place of business in New York, New York.

13. Defendant Beneficient is a Nevada corporation with its principal place of business in Dallas, Texas.

## BACKGROUND

14. The June 8, 2022 Engagement Letter confirmed Beneficient's retention of Lazard as the █████████████████████████████████████

█████████████████████████████████████

███████

15. Pursuant to the Engagement Letter, Lazard was to assist and advise Beneficient in all aspects of the deal and was entitled to receive a fee in consideration for its work. Paragraph 3

of the Engagement Letter sets forth the terms of the fee arrangement. As relevant here, the Engagement Letter provided for the following fees:

16.     *First*, Beneficient agreed to pay Lazard "(a) A monthly financial advisory fee of $75,000, payable upon execution of [the Engagement Letter] and the same day of each month thereafter during the term of this agreement. Any monthly financial advisory fees paid hereunder in excess of $750,000 in the aggregate shall be credited (without duplication) against any fee payable pursuant to clauses (b) or (c) of this paragraph 3."

17.     *Second*, Beneficient agreed to pay Lazard "(b) A fee, payable upon consummation of any Transaction involving Avalon, equal to (i) 0.20% of the Transaction Value (excluding the Excess Trust Amount), plus (ii) 1.0% of any amounts retained following the consummation of the Transaction (which, for the avoidance of doubt, shall include the occurrence of any SPAC stockholder redemptions) within the trust account established in connection with the initial public offering of common stock and warrants of Avalon (the 'Excess Trust Amount', and together with the foregoing clause (i), collectively, the 'Avalon Transaction Fee'); provided that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18.     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████

19. The Engagement Letter also provides that ████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

20. ████████████████████████████████████████████

█████████████████████████████████████

21. ████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████

22. During the first eight months of Lazard's engagement, Beneficient paid Lazard's monthly advisory fee of $75,000, for a total of $600,000.

23. On September 21, 2022, Beneficient entered into a definitive business combination agreement with Avalon. The deal closed on June 7, 2023. The transaction triggered the fees

███████████████████████████████████████████████

███████████████████████████████

███████████████████

24.     On June 12, June 22, and December 7, 2023, Lazard sent Beneficient invoices reflecting the amounts then-due under the Engagement Letter. The December 7, 2023 invoice reflected an amount due of $7,045,808.81, based on the following calculations:

| DESCRIPTION OF SERVICES | |
| --- | --- |
| In accordance with our Engagement Letter dated June 8th, 2022: | US$ |
| Past Due under June 22, 2023 Invoice | 4,250,495.98 |
| Balance of Transaction Fee under the Engagement Letter | 3,545,312.83 |
| Less: Payment received on November 21, 2023 | (750,000.00) |
| BALANCE DUE | 7,045,808.81 |

25.     Beneficient received each invoice, acknowledged receipt, and never objected to any portion thereof.

26.     After receiving the final invoice on December 7, 2023, Beneficient confirmed that Beneficient did not dispute that it owed Lazard $7,045,808.81 under the Engagement Letter and that Beneficient intended to honor its obligation under the Engagement Letter, but that liquidity problems within Beneficient were preventing it from immediately paying the overdue amount.

27.     As an accommodation to Beneficient's alleged liquidity issues, Lazard entered into the Payment Terms Agreement on February 27, 2024. ████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

28. █████████████████████████████████████
████████████████████████

29. █████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████

30. █████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████

31. █████████████████████████████████████
████████████████████████████████████████
██████████████████

32. █████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████

33. █████████████████████████████████████
████████████████████████████████████████
███████████████████████████████

## COUNT I

### Breach of Contract (Payment Terms Agreement)

34. Plaintiff incorporates all of the preceding paragraphs as if fully set forth herein.

35. On February 27, 2024, Plaintiff and Defendant entered into a written contract, the Payment Terms Agreement, whereby Defendant agreed, among other obligations, ███████ ███████████████████████████████████████████████████ ██████████████████████████████████████

36. ██████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████████████████

37. Defendant breached the contract by failing to timely pay Plaintiff.

38. Plaintiff is entitled to an award of damages in an amount equal to Plaintiff's losses to be determined at trial.

## COUNT II

### Breach of Contract (Engagement Letter)

39. Plaintiff incorporates all of the preceding paragraphs as if fully set forth herein.

40. On June 8, 2022, Plaintiff and Defendant entered into a written contract, the Engagement Letter, whereby Plaintiff agreed to provide services to Defendant, and Defendant agreed to pay Plaintiff a fee based on the terms of the contract.

41. Plaintiff provided the agreed-upon services.

42. Plaintiff tendered a written request for payment to Defendant.

43. Defendant breached the Engagement Letter by failing to pay Plaintiff.

44. Plaintiff is entitled to an award of damages in an amount equal to Plaintiff's losses to be determined at trial.

## COUNT III

### Account Stated

45. Plaintiff incorporates all of the preceding paragraphs as if fully set forth herein.

46. Pursuant to the terms of a written agreement—the Engagement Letter—Defendant received and retained a valid invoice on December 7, 2023 for a payment of $7,045,808.81 due or past due as of that date. Defendant failed to object within a reasonable time, and recognized on February 27, 2024 that such an amount was then-due.

47. Part of said balance, in the amount of $2,550,000.00, was paid by Defendant. No other part of the balance has been paid, despite due demand therefor.

48. As a result of the foregoing, Defendant's retention of an account rendered by Plaintiff for a reasonable period of time without objection constitutes a final and binding account stated, entitling Plaintiff to relief in the amount of $4,495,808.81.

49. By reason of the foregoing, Defendant is presently indebted to Plaintiff in the sum of $4,495,808.81, together with applicable interest thereon.

## COUNT IV

### Costs and Attorneys' Fees

50. Plaintiff incorporates all of the preceding paragraphs as if fully set forth herein.

51. ████████████████████████████████████████████████████████

52. ██████████████████████████████████████████

53. In light of the foregoing, Beneficient is liable to Lazard for Lazard's out-of-pocket legal and other expenses associated with this action.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Award Plaintiff money damages against Defendant in the amount of $4,495,808.81, plus prejudgment interest;

2. Award Plaintiff its reasonable costs and attorneys' fees and costs, plus prejudgment interest; and

3. Order any other and further relief the Court deems just and proper.

Dated: New York, New York
      March 20, 2025

Respectfully submitted,

_Thomas E.L. Dewey /EL_
Thomas E.L. Dewey
Jenifer L. Salzberg
DEWEY PEGNO & KRAMARSKY LLP
777 Third Ave
New York, New York 10017
Telephone: (212) 943-9000
Facsimile: (212) 943-4325
E-mail: tdewey@dpklaw.com

*Counsel for Plaintiff Lazard Frères & Co. LLC*